In the Matter of the Claim of JAMES V. MATESSA, Respondent, against THE PENNSYLVANIA RAILROAD COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent. It is the province of the State Industrial Board to settle records on appeal in the first instance. Appeals may be taken from their determination. The employer, the Pennsylvania Railroad Company, raises only one question, namely, that claimant was injured while engaged in interstate commerce. The claimant also appeals on the ground of inadequate rate and improper classification. The employer should not be required to print more of a record than is necessary to disclose its own assertion of error. If the claimant on his appeal has not funds sufficient to print that part of the record which is necessary to print, application should be made to this court for leave to prosecute the cross-appeal upon type-written record. 1. The motion of the employer-appellant to proceed on a short record with its appeals from the awards of compensation by the referee and [State] Industrial Board is dismissed for lack of original jurisdiction and without prejudice to the raising of this question on its appeal from the order of settlement. 2. The motion of the employer-appellant for leave to dispense with the printing of the proposed case on appeal from the awards as a part of the record on appeal from the order of January 16, 1941, and that the file of the [State] Industrial Board be handed up to this court on the argument of the appeal from said order with the same force and effect as though included in the printed record on appeal from the order and for the certification of such a record on appeal by the [State] Industrial Board is granted, with ten dollars costs to the employer-appellant against the State Industrial Board. 3. The motion of the claimant-appellant to dismiss the appeals by the employer from the awards of compensation are denied, without costs. 4. The motion of the claimant-appellant to dismiss the appeal by the employer from the order of settlement made by the [State] Industrial Board on January 16, 1941, is denied, without costs. Crapser, Acting P. J., Bliss, Heffernan, Schenck and Foster, JJ., concur; Hill, P. J., taking no part.

ALFRED B. NICHOLHAUS, Respondent, v. "JOHN DOE" and "RICHARD ROE," Respectively President and Secretary of Hotel & Restaurant Employees' Union, Local 320, an Unincorporated Labor Association of Schenectady, New York, Sometimes Called Waiters & Bartenders Local 320, and Others, Appellants.— Motion to dismiss appeal upon the ground that the notice of appeal was not timely served. From the argument and the admissions contained in the affidavits of appellants' attorney it would appear that the order appealed from was entered on December 30, 1940, and a copy thereof personally served on the appellants' attorney on that day. The notice of appeal was served by mail on January 31, 1941. There is some confusion of dates in the papers attached to the motion for dismissal and under the circumstances it seems clear that appellants were not entitled to add three days to the thirty-day period because the order appealed from was personally served. Appeal dismissed, with ten dollars costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.